IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 24-02261 |
| EVERLAST EPOXY SYSTEMS, INC., *et al.*,[1] ) | Chapter 11 (Subchapter V) |
| ) | Judge Charles M. Walker |
| Debtors. ) | Jointly Administered |

## ORDER CONFIRMING DEBTORS' JOINT PLAN OF REORGANIZATION

This matter came before the Court on August 7, 2024 at 11:00 AM to consider confirmation of the *Debtors' Joint Plan of Reorganization* (Docket No. 24) (the "Plan")[2] filed on June 20, 2024 by Everlast Epoxy Systems, Inc., Everlast Epoxy Flooring Company, and David and Brandi Linton (collectively, the "Debtors"). The Plan is amended as set forth hereinbelow (the "Amendments"). The Court has determined that the Amendments and the modifications in the Plan are not material changes and therefore re-solicitation under 11 U.S.C. §1125 is not necessary.

No formal objections to confirmation were filed; however, the U.S. Trustee raised, but did not file, objections to the Plan that were discussed at some length with Debtors' counsel. Such objections of the U.S. Trustee are resolved as set forth herein.

The Court has reviewed the evidence presented and the record of these Chapter 11 Cases, including: (i) the Voting Summary and Declaration of Robert J. Gonzales (Docket No. 82); (ii) the Declaration of David and Brandi Linton in Support of Confirmation (Docket No. ___); (iii) the testimony proffered by the Debtors, and (iv) all admitted exhibits. Having considered the evidence presented, the arguments of counsel, the entire record of these Chapter 11 Cases, and being

---

[1] The Debtors in these Chapter 11 Cases are: Everlast Epoxy Systems, Inc. (Case No. 24-02261), Everlast Epoxy Flooring Company (Case No. 24-02262), and David and Brandi Linton (Case No. 24-02264).

[2] Capitalized but undefined terms shall have the meanings set forth in the Plan.

otherwise fully advised in the premises, after notice and a hearing, the Court FINDS and CONCLUDES as follows:

## PLAN AMENDMENTS

The Plan shall be and is hereby amended as follows:

1. **Sections 3.12 and 4.12 and Exhibit C** are deleted in their entirety and Allowed Class 12 Claims shall instead be included in Class 13 as general unsecured claims.

2. **Section 4.3** is amended to include the monthly payment amount of $3,256.20 that was inadvertently omitted.

3. **Article VII** is amended to provide for rejection of the following leases or executory contracts:

   a. Debtor Everlast Epoxy Systems, Inc.'s contract with Heartland Payroll Systems, 10 Glenlake Parkway NE, North Tower, Atlanta, GA 30328.

   b. Debtor Everlast Epoxy Systems, Inc.'s contract with Visual Visitor, 11175 Cicero Dr Suite 145 Alpharetta, GA 30022.

   c. Debtor Everlast Epoxy Systems, Inc.'s booth rental contract for World of Concrete in 2025 with Informa, 222 West Las Colinas Blvd., Suite 450E, Irving, Texas 75039.

   d. Debtors David and Brandi Linton's obligations to CapitalPlus Financial Services, 2510 Solway Rd, Knoxville, TN 37931.

## FINDINGS OF FACT & CONCLUSIONS OF LAW

A. **Jurisdiction**. This Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334, the United States District Court's general order of reference, and other various applicable provisions of the Bankruptcy Code[3] and the Federal Rules of Bankruptcy Procedure ("FRBP").

---

[3] The term "Bankruptcy Code" refers to the applicable section(s) of 11 U.S.C. § 101, *et. seq.* unless otherwise indicated.

B. **Venue**. Venue is proper before this Court under 28 U.S.C. §§ 1408 and 1409.

C. **Notice**. The Court finds that Debtors provided due, adequate, and sufficient notice of the Plan. The method of service and solicitation of acceptance of the Plan, notice of the hearing to consider confirmation of the Plan, and notices of all other deadlines or requirements relating thereto (collectively, the "Confirmation Deadlines") were in compliance with the FRBP, were adequate and reasonable under the circumstances of this case, and no further or additional notice of the confirmation hearing or the confirmation deadlines was necessary or required.

D. **Schedules**. The Statements and Schedules for the Debtors are hereby amended to conform to the proof.

E. **Objections to Confirmation**. No formal objections were filed. Informal objections to Confirmation of the Plan were raised by the U.S. Trustee. All informal objections have been rendered moot, withdrawn, or resolved pursuant to this Order.

F. **Proper Classification of Claims – 11 U.S.C. §§ 1122 and 1123**. The Plan adequately and properly identifies and classifies all claims. Pursuant to 11 U.S.C. § 1122(a), the claims placed in each class are substantially similar to other claims in each such class. Pursuant to 11 U.S.C. § 1123(a)(1), valid legal and business reasons exist for the various classes of claims created under the Plan and such classification does not unfairly discriminate among holders of claims. The classification of claims in the Plan is reasonable.

G. **Specified Unimpaired Classes – 11 U.S.C. § 1123(a)(2)**. The Plan specifies all classes or claims or interests that are not impaired under the Plan.

H. **Specified Treatment of Impaired Classes – 11 U.S.C. § 1123(a)(3)**. The Plan specifies the treatment of all classes of claims or interests that are impaired under the Plan.

I. **No Discrimination – 11 U.S.C. § 1123(a)(4)**. The Plan provides for the same treatment of claims or interests in each respective class unless the holder of a particular claim or interest has agreed to a less favorable treatment of such claim or interest.

J. **Implementation of the Plan – 11 U.S.C. § 1123(a)(5)**. The Plan provides adequate means for the Plan's implementation.

K. **Non-Voting Equity Securities/Allocation of Voting Power – 11 U.S.C. § 1123(a)(6)**. The Plan does not provide for the issuance of non-voting equity securities and so this section is inapplicable.

L. **Interests of the Creditors, Equity Security Holders, & Public Policy – 11 U.S.C. § 1123(a)(7)**. The Plan contains only provisions that are consistent with the interests of creditors and equity security holders and with public policy with respect to the manner of selection of any officer, director, or trustee under the Plan and any successor to such officer, director, or trustee.

M. **Assumption & Rejection – 11 U.S.C. § 1123(b)(2)**. The Plan, pursuant to § 365 of the Bankruptcy Code, provides for the assumption of any executory contracts or unexpired leases of the Debtors not previously rejected or not rejected as provided herein.

N. **Additional Plan Provisions – 11 U.S.C. § 1123(b)(6)**. Each of the provisions of the Plan is appropriate and not inconsistent with the applicable provisions of the Bankruptcy Code.

O. **Principal Purpose of the Plan – 11 U.S.C. § 1129(d)**. The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of section 5 of the Securities Act of 1933.

P. **Subchapter V Plan Requirements – 11 U.S.C. § 1189**. The Plan complies with § 1189 because it was filed by the Debtors not later than 90 days after the order for relief under Chapter 11.

Q. **Contents of a Subchapter V Plan – 11 U.S.C. § 1190**. In compliance with § 1190, the Plan includes: (1) a brief history of the business operations of the Debtors, (2) a liquidation analysis, and (3) projections with respect to the ability of the Debtors to make payments under the Plan. The Plan provides for the submission of all or such portions of the future earnings or other future income of the Debtors as is necessary for the execution of the Plan.

R. **Satisfaction of Conditions – 11 U.S.C. § 1191(b)**. The Court finds that the Plan satisfies the applicable requirements of 11 U.S.C. § 1129(a) with the exception of § 1129(a)(10) and must be confirmed as a non-consensual plan. As a result, the Plan is confirmed under § 1191(b). With respect to the applicable provisions of § 1129(a), the Court finds and concludes as follows:

1. **11 U.S.C. § 1129(a)(1) and (a)(2)**. The Plan and the Plan proponents comply with the applicable provisions of the Bankruptcy Code.

2. **11 U.S.C. § 1129(a)(3)**. The Plan was proposed in good faith and not by any means forbidden by law.

3. **11 U.S.C. § 1129(a)(4)**. Any payment made or to be made by the Debtors, for services or for costs and expenses in or in connection with the case, or in connection with the Plan and incident to the case, has been approved by, or is subject to the approval of, the Court as reasonable.

4. **11 U.S.C. § 1129(a)(5)**. The Plan has disclosed the identity and affiliations of any individual proposed to serve, after confirmation of the Plan, as a director, officer, or voting trustee of the Debtors.

5. **11 U.S.C. § 1129(a)(6)**. This section is not applicable.

6. **11 U.S.C. § 1129(a)(7)**. The Plan provides that, with respect to each impaired class of claims or interests, each holder of a claim or interest of such class has

accepted the Plan, or will receive or retain under the Plan on account of such claim or interest property of a value, as of the effective date of the Plan, that is not less than the amount that such holder would receive or retain if the Debtors were liquidated under chapter 7 of this title on such date.

7. **11 U.S.C. § 1129(a)(9)**. Except to the extent that the holder of a particular claim has agreed to a different treatment of such claim, the Plan provides that with respect to Administrative Claims, the Plan provides that all allowed administrative fees and expenses will be paid on the Effective Date or as soon as practicable thereafter, unless the holder agrees or shall have agreed to other treatment of such claim.

8. **11 U.S.C. § 1129(a)(10).** This section requires that if a class of claims is impaired under the plan, at least one class of claims that is impaired under the plan has accepted the plan, determined without including any acceptance of the plan by any insider. This section is satisfied.

9. **11 U.S.C. § 1129(a)(11)**. Confirmation of the Plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the Debtors or any successor to the Debtors under the Plan, unless such liquidation or reorganization is proposed in the Plan.

10. **11 U.S.C. § 1129(a)(12)**. All fees payable under 28 U.S.C. § 1930, if any, as determined by the Court at the hearing on confirmation of the Plan, have been paid or the Plan provides for the payment of all such fees on the effective date of the Plan.

11. **11 U.S.C. § 1129(a)(13)**. This subsection requires that the Plan provides for the continuation of retiree benefits and is inapplicable in these cases.

12. **11. U.S.C. § 1129(a)(14)**. This subsection contains requirements related to domestic support obligations and is inapplicable in these cases.

13. **11 U.S.C. § 1129(a)(15).** This subsection does not apply in Subchapter V cases.

14. **11 U.S.C. 1129(a)(16)**. This subsection requires all transfers of property under the plan shall be made in accordance with any applicable provisions of nonbankruptcy law that govern the transfer of property by a corporation or trust that is not a moneyed, business, or commercial corporation or trust and is inapplicable in these cases.

S. **Requirements for Secured Claims – 11 U.S.C. § 1191(c)**. With respect to secured claims the Plan must meet the requirements of 11 U.S.C. § 1129(b)(2)(A) and be fair and equitable. As there are no secured creditors in this case, section 1129(b)(2)(A) is inapplicable.

T. **Requirements for Unsecured Claims—11 U.S.C. § 1191(c).**

1. As of the Effective Date of the Plan –

    a. The Plan provides that all projected disposable income of the Debtors to be received in the Commitment Period, beginning on the date that the first payment is due under the Plan, will be applied to make payments under the Plan; or

    b. The value of the property to be distributed under the Plan in the Commitment Period beginning on the date that the first payment is due under the Plan is not less than the disposable income of the Debtors; and

    c. The Court finds that the Debtors have provided appropriate projections which provide for the Debtors' "disposable income" under the Plan defined as the income that is received by the Debtors and that is not reasonably necessary to be expended for the maintenance or support of the Debtors or dependents of the Debtors; or the domestic support obligation that first becomes payable after the date of the filing of the petition and/or for the payment of

7

expenditures necessary for the continuation, preservation, or operation of the business of the Debtors.

2. The Debtors will be able to make all payments under the Plan, or there is a reasonable likelihood that the Debtors will be able to make all payments under the Plan, and the Plan provides appropriate remedies the event that the payments are not made.

**Accordingly, THE COURT ORDERS AS FOLLOWS:**

1. **Confirmation**. The Plan, as amended herein, is confirmed under 11 U.S.C. § 1191(b). The Plan is incorporated into this Confirmation Order. In the event of any inconsistency between the Plan and this Confirmation Order, the provisions of this Confirmation Order control.

2. **Discharge of the Subchapter V Trustee**. Pursuant to 11 U.S.C. § 1183 and 11 U.S.C. § 1194(b), the Subchapter V Trustee shall not be discharged until all payments required to be made under the Plan have been made. A failure to make any required payment under the Plan to the Subchapter V Trustee, or the failure to pay the allowed fees and expenses of the Subchapter V Trustee for services provided, shall constitute a default under the Plan. Not later than 14 days after the Plan is substantially consummated, the Debtors shall file with the Court and serve on the Subchapter V Trustee, the U.S. Trustee, and all parties in interest notice of such substantial consummation.

3. **Binding Effect of Plan**. Pursuant 11 U.S.C. § 1141(a), except as provided in §§ 1141(d)(2) and (3), the provisions of the Plan as of the Effective Date, binds the Debtors, and any creditor, whether or not the claim or interest of such creditor is impaired under the Plan and whether or not such creditor has accepted the Plan.

4. **Vesting of Property**. Pursuant to 11 U.S.C. § 1186(b), the Debtors shall remain in possession of all property of the estates.

5. **Post-Confirmation Operation of Business**. Except as otherwise provided in the Plan or in this Confirmation Order, on and after the date of entry of this Confirmation Order, the Debtors may operate their business and may use, acquire, and dispose of property free of any restrictions of the Bankruptcy Code and Bankruptcy Rules and in all respects as if there were no pending case under any chapter or provisions of the Bankruptcy Code; provided, however, the Debtors are not in default under the Plan or Confirmation Order. The Debtors are entitled to retain and compensate professionals for post-confirmation services without the necessity of further approval of this Court. Except as set forth in the Plan concerning objections to claims, the Debtors may also settle or compromise any claims without Court approval.

6. **Discharge**. Notwithstanding any other provision of the Plan, the granting of any discharge to the Debtors shall be in accordance with 11 U.S.C. § 1192.

7. **Effect of Confirmation Order on Plan**. The failure to reference or address all or part of any particular provision of the Plan herein has no effect on the validity, binding effect, or enforceability of such provision and such provision has the same validity, binding effect, and enforceability as every other provision of the Plan. To the extent that any inconsistencies exist between the terms of the Plan and this Confirmation Order, the terms of this Confirmation Order shall control.

8. **Executory Contracts and Leases**. Except as otherwise provided in a separate order of the Court or herein, all executory contracts and unexpired leases not otherwise rejected are deemed assumed as of the Effective Date.

9. **Service of Confirmation Order**. Debtors' counsel is directed to serve a copy of this Order on all parties in interest within 24 hours after entry and thereafter file a certificate of service.

10. **Documents Required to Effectuate Plan**. The Debtors are authorized to execute any and all documents reasonably required to effectuate the provisions of the Plan, this Confirmation Order, or prior Orders of this Court.

11. **Modification After Confirmation**. Under 11 U.S.C. § 1193(b), the Debtors may modify the Plan at any time after confirmation of the Plan and before substantial consummation of the Plan. The Plan as modified becomes the Plan only if circumstances warrant such modification and the Court, after notice and a hearing, confirms such plan, as modified, under 11 U.S.C. § 1191(a).

12. **Jurisdiction**. The Bankruptcy Court retains jurisdiction to:

   a. Resolve issues with respect to the Debtors' substantial consummation of the Plan and to the extent the Debtors seek to amend or modify the Plan;

   b. Resolve any motions, adversary proceedings, or contested matters, that are pending as of the date of substantial consummation;

   c. Adjudicate objections to claims;

   d. Resolve disputes with respect to any and all injunctions created as a result of confirmation of the Plan;

   e. Adjudicate modifications of the Plan under 11 U.S.C. § 1193;

   f. Review and consider issues associated with the Debtors' final report and entry of final decree, and to enter a final decree; and

   g. Enter such orders as the Court deems necessary or appropriate with respect to enforcement of the Plan.

IT IS SO ORDERED.

**THIS ORDER WAS SIGNED AND ENTERED ELECTRONICALLY AS INDICATED AT THE TOP OF THE FIRST PAGE**

APPROVED FOR ENTRY:


*/s/ Robert J. Gonzales*
Robert J. Gonzales (robert@emerge.law)
Nancy B. King (nancy@emerge.law)
EMERGELAW, PLC
4235 Hillsboro Pike, Suite 300
Nashville, Tennessee 37215
(615) 815-1535

*Counsel for Debtors and Debtors in Possession*